IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22 CV 124 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JAMES MAJORS, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter is before the Court on Defendant, James Majors' Motion for Pretrial Release on Bond (ECF #19). The Government filed a response in opposition to Mr. Majors' Motion (ECF #21).

Mr. Majors seeks release on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142, arguing that he has submitted evidence that rebuts the presumption of detention. Under § 3142(e), a rebuttable presumption of detention arises when there is probable cause to believe that the defendant committed a controlled substances offense for which the maximum term of imprisonment is ten years or more. A grand jury indictment establishes probable cause to believe that a defendant committed the offenses with which he is charged. *United States v. Bothra*, 2019 WL 8883547 at *1 (6th Cir. 2019). Here, Mr. Majors has been indicted and charged with violating several different controlled substances acts offenses, including possession with intent to distribute cocaine; possession with intent to distribute fentanyl; possession with intent to distribute cocaine base; and possession with intent to distribute methamphetamine. (Counts 1-4)

He is also charged with using or carrying a firearm during and in relation to a drug trafficking crime and with maintaining a premises for the purpose of drug trafficking. (Counts 5-6) Accordingly, the presumption of pre-trial detention applies to Mr. Majors.

The burden to rebut the presumption is on Mr. Majors, and while the burden is not heavy, it still requires the defendant to introduce some evidence. *Id.* at *2. Courts should consider the factors listed in §3142(g) when determining if there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by release. 18 U.S.C. § 3142(g)

Mr. Majors argues that the presumption of detention in his case has been rebutted because he has family in the community and could reside with his Aunt pending trial. Mr. Majors also references a study by the Administrative Office that finds that pre-trial detention may result in wide ranging social and economic costs, including loss of employment leading to loss of housing and community ties. Mr. Majors does not submit any evidence that detention has caused him to lose employment.

None of the arguments presented by Defendant is new or sufficient to rebut the presumption against pre-trial release in this situation. Nothing presented by the Defendant changes the nature and circumstances of his offenses charged here which were committed while a state felonious assault case was pending against him. Similarly, Defendant's evidence does not alter his history of failure to appear in court on previous offenses; his history of prior convictions; or the fact that he committed the prior offenses and the offenses charged here

despite the presence of family in the community. As such, the Court finds that there is still no condition or combination of conditions that would reasonably assure the appearance of the defendant for future proceedings, or the safety of the community. Mr. Majors' Motion for Pretrial Release on Bond (ECF #19) is, therefore, DENIED. **IT IS SO ORDERED.**

_____
DONALD C. NUGENT
United States District Judge

DATED: _September 1, 2022_