# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:22-CR-00124 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| JAMES MAJORS, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter is before the Court on Defendant, James Majors' Renewed Motion for Pretrial Release on Bond (ECF #32). The Government filed a response in opposition to Mr. Majors' Motion (ECF #34). Mr. Majors previously filed a Motion for Release on Bond (ECF #19) which was opposed by the government (ECF #22) and was denied by the Court (ECF #23).

**Background**

Mr. Majors was arrested on January 30, 2022 (ECF #22). On March 1, 2022, a grand jury indicted Mr. Majors on six counts, including four counts of possession with intent to distribute a controlled substance, one count of using or carrying a firearm during and in relation to a drug trafficking crime, and one count of maintaining a premises for the purpose of drug trafficking, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 856(a)(2) and 18 U.S.C. § 924(c) (ECF #1). On August 1, 2022, Mr. Majors filed a Motion for Pretrial Release on Bond (ECF #19), which was denied on September 1, 2022 (ECF #23). Mr. Majors filed a Renewed Motion for Pretrial Release on Bond on October 20, 2022 requesting release on personal bond, or in the alternative, to electronically monitored home detention pending the final disposition of his case (ECF #32).

1

**Legal Standard**

The Bail Reform Act of 1984, 18 U.S.C. § 3142, sets the parameters for when and under what circumstances pretrial detention is authorized. Section 3142(e) establishes that a defendant awaiting trial shall be detained under the rebuttable presumption that:

> "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A).

This presumption exists for defendants that commit Controlled Substances Act violations because the defendants who commit drug trafficking offenses pose a "special risk of flight and dangerousness to society." *United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001).

On the issue of probable cause, a "grand jury indictment, standing alone, establishes probable cause to believe that the defendant committed the offenses with which he is charged." *United States v. Bothra*, 2019 WL 8883547 at * 1 (6th Cir. 2019). Thus an indictment by a grand jury is sufficient to trigger the rebuttable presumption. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *See also United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) ("Our holding that the indictment is sufficient to support a finding of probable cause . . . is in accord with the unanimous position of the other circuits that have reached the issue."). The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person or the community. The government retains the burden of persuasion to show that detention is required. *Lattner*, 23 F. App'x at 364.

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the United States bears

the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f). With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proving its allegations by a preponderance of the evidence. *United States v. Portes*, 797 F.2d 156, 161 (3d Cir. 1986); *United States v. Vortis*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Himler*, 785 F.2d 327, 328-29 (D.C. Cir. 1986); *Fortna*, 769 F.2d at 250; *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985*); United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Leibowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987).

In determining whether a defendant should be detained pending trial, the court bases its findings on the factors are set forth in 18 U.S.C. § 3142(g). These factors include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g).

A defendant may move to re-open the issue of release on bond before trial if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

**Analysis**

Here, the grand jury has indicted Mr. Majors and he has been charged with an offense for which he may receive a sentence of imprisonment for ten or more years for violation of the Controlled Substances Act. The grand jury indictment, standing alone, establishes probable cause to believe that the defendant committed the offenses with which he is charged. *United States v.*

*Brooks*, No. 21-1646, 2021 U.S. App. LEXIS 33089, at *3 (6th Cir. 2021) (citing *United States v. Stone*, 608 F.3d 608 F.3d 939, 945 (6th Cir. 2010)). As a result, the rebuttable presumption of § 3142(e) applies to Mr. Majors, and he "must produce evidence that he is neither a danger to the community nor a risk of flight." *Id.*

Since the court denied Mr. Majors' first motion for release on bond, as a threshold matter Mr. Majors must show that he has new material information to support his renewed motion.

1. **Defendant presents no new evidence and has not met his burden of production to overcome the presumption of detention.**

A detention hearing may be reopened if (1) new information exists that was unknown to the movant at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. 18 U.S.C. § 3142(f)(2)(B). In other words, the new information must "increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

In his renewed motion, Mr. Majors presents no information that was unknown to him at the time of his first motion. The only evidence Mr. Majors presents in his renewed motion which was not in his first motion is that he "has no passport and is indigent." (ECF #32) These facts were not unknown to Mr. Majors at the time of his first motion, and therefore do not satisfy the first prong of the test.

The rest of the information Mr. Majors includes in his renewed motion is not new or is not material. Mr. Majors' first motion for pretrial release included evidence that he has family ties to the community, including his father, aunt, significant other, and child, who all in the Cleveland area. His first motion also asserted that if released, Mr. Majors could reside with his

4

aunt at her residence in Cleveland. In his renewed motion, Mr. Majors presented the same evidence showing that he has family support and ties to the community (ECF #32). But Mr. Majors' family ties to the community are not new and existed at the time of the offense. They did nothing to deter the conduct he is charged with in this case. They will not assure the safety of the community or reasonably assure his appearance in this matter.

In further support of his release pending trial, Mr. Majors' renewed motion also asserts that he "vows to attend court as scheduled"; that a "personal bond would be cost effective and no danger to society,"; and he will "maintain a law abiding life and comply with the rules and regulations set forth by the Court." (ECF #32). These statements vowing to follow the law upon release do not constitute evidence or information required by the Bail Reform Act to justify revisiting his detention. Nor do these assertions have a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance at trial and the safety of the community.

Mr. Majors' familial ties were already evaluated by this Court in the previous bond motion (ECF #19, 23), and nothing else presented by Mr. Majors changes the nature and circumstances of his offenses charged here, which were committed while a state felonious assault case was pending against him.

### 2. The 18 U.S.C. § 3142(g) factors weigh in favor of detention even if Mr. Majors had rebutted the presumption in favor of detention.

Regardless of whether Mr. Majors has presented new information here, the evidence he has provided in his first and second motions is insufficient to rebut the presumption in favor of detention. And even if Mr. Majors had presented sufficient evidence to overcome the § 3142(e) presumption, the government has presented evidence that carries their burden of persuasion. A balancing of the § 3142(g) factors weighs in favor of detention.

5

### a. *The nature and circumstances of the offenses charged weigh in favor of detention.*

In determining the nature and circumstances of the offense charged, the Court must take into consideration whether the offense is a crime of violence or involves a controlled substance or firearm. In this case, Mr. Majors is charged with offenses involving both possession of a controlled substance with the intent to distribute and a firearm. He is also charged with maintaining a premises for the purpose of drug trafficking (ECF # 1). This suggests that Mr. Majors was personally involved in a potentially violent drug distribution (ECF # 22). Therefore the dangerous nature and circumstances of the charged offense weigh in favor of detention.

### b. *The weight of the evidence is against Mr. Majors.*

In weighing the strength of the evidence, the court may not modify or limit the defendant's presumption of innocence. 18 U.S.C. § 3142(j). This examination of the weight of the evidence against Mr. Majors only goes to the likelihood that he will pose a danger to the community or is a flight risk and is not a pretrial determination of guilt. *Stone*, 608 F.3d at 948.

Mr. Majors' offenses involve drug trafficking, firearms, and the maintenance of a premises for use in drug trafficking. The United States has presented evidence that Mr. Majors sold a substance containing methamphetamine to their contact in a controlled purchase at a pre-determined location (ECF #22). They have also presented evidence of items found during the execution of a search warrant of Mr. Majors' residence. The items found include a firearm, drugs, and drug paraphernalia. The United States also offers findings from the executed search warrant and surveillance of the property to show that Mr. Majors conducted his drug business from the premises, including a work area in the garage set up with a cutting station for narcotics (ECF #22). At the time of Mr. Majors' arrest, a search of his person and vehicle revealed, among other things, a plastic bag containing cocaine, two firearms, ammunition, seventeen individual

6

bags containing methamphetamine, and four prescription bottles, two of which did not belong to Mr. Majors (ECF #22). This evidence weighs against Mr. Majors and in favor of detention.

### c. *Mr. Majors' history and characteristics weigh in favor of detention.*

A defendant cannot be detained "based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The history and characteristics of a defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

Some of these factors weigh in Mr. Majors' favor. He has family in the city and ties to the community, and he "is indigent and has no passport" (ECF #32). But other factors weigh against Mr. Majors' release, including his past conduct, criminal history, and record concerning appearance at court proceedings.

Mr. Majors has prior convictions for drug possession and a misdemeanor conviction for endangering a minor (ECF #22). Records from Cuyahoga County Court of Common Pleas also show that at the time Mr. Majors was arrested for this offense, he had a pending state case for felonious assault and having weapons while under disability. *See The State of Ohio v. James Majors*, Cuyahoga C.P. Case No. 21-663606 (2021). When he was arrested, he had a bag of cocaine and a firearm on his person and other drugs and a second firearm in his vehicle (ECF #22). Prior convictions and pending charges do not appear to have deterred Mr. Majors from the charged conduct.

The government has also presented evidence tending to show that Mr. Majors may not appear in court if released. First, the government has presented evidence that Mr. Majors has a record of failing to appear in court on more than one occasion (ECF #22). These instances were for offenses that involved penalties of a lesser severity than the charges pending in this case. Second, the circumstances of Mr. Majors' arrest on January 30, 2022 also weigh toward Mr. Majors being a flight risk. At the time of his arrest, Mr. Majors gave police a false name, a false social security number, and a false date of birth (ECF #22). The fact that Mr. Majors gave police false identifying information suggests that Mr. Majors may be difficult to track down should he choose not to appear in court after release. A search of Mr. Majors' person and vehicle at the time of his arrest revealed, among other things, 12 debit cards under various names. The numerous debit cards under other names suggests that Mr. Majors may have access to financial resources that could help him leave the jurisdiction. Mr. Majors' negative history and characteristics outweigh the positive and suggest that he may be a danger to the community and may not appear in court when required.

>   **d.    *The nature and seriousness of the danger to the community weigh in favor of detention.***

Drug trafficking is a serious offense that, in itself, poses a danger to the community. *See United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (stating that "[t]he risk of continued narcotics trafficking on bail constitutes a risk to the community."); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985) ("[I]t is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger'"). The § 3142(e) presumption "represents Congressional findings that certain offenders . . . are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *Stone*, 608 F.3d at 946 (quoting *Dominguez*, 783

F.2d at 707). Even if Mr. Majors had rebutted the presumption under § 3142(e), "[t]he presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it." *Lattner*, 23 F. App'x at 364. If rebutted, the presumption would be one of several other factors that must be weighed under § 3142(g) in determining whether the defendant is a danger to the community. *Brooks*, No. 21-1646, 2021 U.S. App. LEXIS 33089, at *3 (citing *Stone*, 608 F.3d at 945).

Mr. Majors is charged with possession of a firearm and drug trafficking offenses, which Congress has deemed presumptively dangerous to the community. The conduct that resulted in these charges occurred while he had other charges pending against him. This shows that Mr. Majors is "likely to continue to engage in criminal conduct undeterred either by the pendency of charges against [him] or by the imposition of monetary bond or other release conditions." *Stone*, 608 F.3d at 946 (quoting *Dominguez*, 783 F.2d at 707). This factor, therefore, weighs in favor of detention.

Overall, even if Mr. Majors had rebutted the § 3142(e) presumption, the balance of the factors weighs in favor of detaining Mr. Majors pending the outcome of his case.

### 3. **Home confinement with electronic monitoring would not reasonably assure the safety of the community or ensure Mr. Majors appeared in court.**

Mr. Majors suggests that home confinement with electronic monitoring is an alternative solution that would not only reasonably assure the safety of the community but also his appearance before the Court (ECF #32). But since he has not rebutted the presumption in favor of detention, "it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Lattner*, 23 F. App'x at 364 (6th Cir. 2001). Therefore, home confinement and monitoring are presumptively inadequate to ensure Mr. Majors' appearance in court or the safety of the community.

Even if Mr. Majors had rebutted the presumption, home confinement and electronic monitoring would still be inadequate conditions to ensure the safety of the community and his appearance in court. Mr. Majors faces charges for drug trafficking, possession of firearms, and maintaining a premises for the purpose of drug trafficking. Drug trafficking and firearms possession both present dangers to the community. The availability of a third-party custodian or GPS tracking does not change those findings and does not eliminate the possibility that his behavior could continue while he is still confined to his home. *United States v. Faulkner*, No. 2:22-cr-20074-7, 2022 U.S. Dist. LEXIS 121798, at *3-4 (E.D. Mich. 2022) (denying release to home detention with electronic monitoring in part because "the nature and circumstances of Defendant's alleged offenses are serious."), aff'd *United States v. Faulkner*, No. 22-1622, 2022 U.S. App. LEXIS 28054 (6th Cir. 2022). While the monitoring may offer useful information about where he is, "it provides little useful information about what he is doing, and the ready accessibility of smart phones and digital communication devices would make it all too easy for him to resume his involvement in the trafficking of controlled substances without detection." *United States v. Hearns*, No. 1:20-CR-110, 2020 U.S. Dist. LEXIS 53380, at *11 (N.D. Ohio 2020) (denying defendant's motion to revoke detention order).

Therefore, Mr. Majors' alternative request to be released to home confinement with electronic monitoring would be inadequate to assure the safety of the community, even if the § 3142(e) presumption were rebutted.

**Conclusion**

The factors weigh in favor of detention. Mr. Majors is a danger to the community and no condition of release or combination of conditions would assure the Court that he would not be a

danger to the community or that he would appear as required. Mr. Majors' Renewed Motion for Pretrial Release on Bond or alternatively to home confinement with electronic monitoring is therefore DENIED.

IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

DATED: November 22, 2022