UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) ) ) | CASE NO.: 1:22 CR 124 |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| JAMES MAJORS, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Mr. Majors' Motion to Dismiss Indictment Based on Speedy Trial Violations. (ECF #38). Mr. Majors filed his motion on December 29, 2022 asserting that he was denied his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution, 18 U.S.C. §1361, and Article I, §10 of the Ohio Constitution. The Government filed a combined Motion for Ends of Justice Findings and Response in Opposition to the Motion. (ECF #39). No reply was filed.

**Procedural History**

Mr. Majors was arrested by the Garfield Police Department on January 30, 2022, and was taken to the county jail. He was arraigned for state law violations, and released on bond. Less

than a week later was arrested on separate, unrelated charges. Again, he was arraigned and released on bond, pending trial. On April 1, 2022 he was arrested for the charges contained in the Indictment forming the basis for this case and entered federal custody for the first time. (ECF #13). He was arraigned on the same date and placed in the custody of the US Marshals pending trial. (ECF #10). An initial trial date was set for May 16, 2022. (ECF #11). Defendant subsequently filed multiple requests for continuances of the trial date, which this Court granted with ends-of-justice findings. (ECF #15, 17, 18, 24, 27). In September of 2022, Mr. Majors' counsel fell gravely ill and went on medical leave. (ECF #25). She passed away shortly after. The Court appointed Mr. Majors new counsel and granted an additional continuance following the replacement of counsel to allow the new attorney time to prepare. (ECF #30, 36). At that time, a change of plea hearing was scheduled for December 16, 2022. On December 16, 2022, the Defendant failed to appear for the hearing. His counsel informed the Court that the Defendant was under quarantine due to COVID-19, and the case was continued at the Defendant's request. (ECF #37). The Court's minutes memorializing the last two continuances did not include ends-of-justice findings. However, at the time it issued these continuances, the Court did weigh the interests of the public and the defendant in the continuance against their interest in a speedy trial and determined that the ends of justice required the continuance. Further, the Court has since clarified the record, by issuing an ends-of-justice finding for both of these most recent continuances. Trial is now set for February 1, 2023.

### Applicable Law

Under the Speedy Trial Act, "[i]n any case in which a plea of not guilty is entered, the trial

2

of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §3161(c)(1). The Act sets forth several excludable periods of delay that do not count against the seventy day guarantee. 18 U.S.C. §3161(h), see 18 U.S.C. §3164(b). Included as excludable periods are ends-of-justice continuances granted by the trial court. 18 U.S.C. §3161(h)(7)(A).

These types of continuances may be granted by the court *sua sponte* or at a party's request, if the judge "granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* In granting an ends-of-justice continuance, the district court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice" designation is appropriate. *Id.* In order to be excludable, such a finding need not appear in the record contemporaneously with the granting of a continuance, but need only have been in the court's mind before it was granted. It must, however, be put on the record by the time a district court rules on a defendant's motion to dismiss under speedy trial grounds. *Zender v. United States*, 547 U.S. 489, 506-07 (2006)(footnote omitted); *see also, United States v. Roush*, No. 21-3820, 2021 WL 6689969, at *1-*2 (6th Cir. Dec. 7, 2021)(unpublished), *cert. denied*, 142 S. Ct. 1187 (2022).

### Analysis

As of the February 1, 2023, the new trial date, once all excludable time is accounted for, there will only be 28 non-excludable days that count against the seventy day allowance under the

3

Speedy Trial Act. His non-excludable time runs from April 2, 2022 to April 27, 2022, and from September 3, 2002 through September 5, 2022. The remainder of the time is excluded under various provisions of 18 U.S.C. §3161, as correctly outlined in the Government's chart beginning on page 8 of its Response to Defendant's Motion. (ECF #39, PageID 130-135). That chart is incorporated by reference into this decision. The only correction this Court would make to the chart is to add a secondary basis for the exclusion of the time between December 1, 2022 and December 16, 2022. This time period constituted the duration of a continuance that was necessary, through no fault of either party, when Mr. Majors' original attorney became gravely ill. The continuance permitted assignment of new counsel and allowed an appropriate amount of time for new counsel to familiarize themselves with Mr. Majors' case, review discovery, and assist Mr. Majors in the preparation of his defense. The continuance was necessary to ensure Mr. Majors received his constitutional right to effective counsel, a goal that outweighed the public and the Defendant's right to speedy trial and which furthered the ends of justice.

Further, the exclusions at issue in this case do not violate the Sixth Amendment guarantee that in criminal prosecutions the accused has the right to a speedy and public trial. In determining whether delays cross the line of a violation of the Sixth Amendment, the Supreme Court instructs courts to review four criteria: (1) whether the delay before trial is uncommonly long; (2) whether the defendant or the government is to blame for the delay; (3) whether the defendant timely asserted his right to speedy; and (4) whether the defendant suffered any prejudice from the delay. *Doggett V. United States*, 505 U.S. 647 (1992); *Barker v. Wingo*, 407 U.S. 514 (1972). In this case, the delay has been about eleven months, which is not at all uncommon for a case of this type. Further, the continuances were requested by the defendant. He requested multiple continuances to

provide him time to fully investigate the case, review discovery, and prepare his defense. He also indicated that he was considering changing his plea to guilty and sought time to explore that option. On the date of the plea hearing, Defendant failed to appear. Though his failure to appear was the result of a medical quarantine, that delay still originated from the Defendant. There was one continuance to was not initiated by the Defendant, which was necessitated by his attorney's inability to continue representation due to her medical condition. Though this was not caused by Defendant, neither was it caused by the government. Failure to provide a continuance under that circumstance would have jeopardized Mr. Majors' right to effective counsel, therefore, the delay was beneficial to him rather than prejudicial. With regard to prejudice, Mr. Majors has not demonstrated that he has been prejudiced by the delay. To the contrary, the continuances in this case have all been aimed at allowing him the time he needs to review the discovery and develop his defenses, as well as to have time to fully and fairly consider his options with regard to the availability of a potential plea agreement.

     For the reasons set forth above, Mr. Majors's Motion to Dismiss (ECF #38) based on a violation of his speedy trial rights is DENIED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 17, 2023