**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22 CR 124 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| JAMES MAJORS, | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, James Majors' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255. (ECF #86). The Government has filed a Motion to Dismiss, arguing that Mr. Majors's petition was not timely filed. (ECF #90).

## FACTUAL AND PROCEDURAL HISTORY

Following a jury trial, Mr. Majors was found guilty of one count each of possession with intent to distribute fentanyl (Count 2); possession with intent to distribute cocaine base (Count 3); possession with intent to distribute methamphetamine (Count 4); and, using or carrying a firearm during and in relation to a drug trafficking crime (Count 5). (ECF #59). He was acquitted of two other counts in the indictment. (ECF #59). On May 10, 2023, he was sentenced to a total of 138 months. (ECF #69). Mr. Majors appealed his conviction and the Sixth Circuit affirmed the judgment on August 8, 2024. He sought a sentence reduction under Amendment 821, which the government did not oppose. (ECF #83). The Court granted the motion and reduced his sentence to a total of 130 months on October 19, 2024.

Mr. Majors filed the instant Motion to Vacate on May 14, 2026, arguing that he was denied a speedy trial, denied the right to confront witnesses against him, and denied his right to effective counsel. (ECF #86). He also claims that he was prejudiced by the admission of the government's expert, by his inability to obtain his own expert, and by the execution of a search warrant at his father's property.

## ANALYSIS

A. Timeliness

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). Nothing in his petition raises the potential for relief under subsections (2) or (4) of § 2255(f). Mr. Majors does not allege any impediment to filing caused by the government, nor does he rely on any newly recognized right or newly discovered facts. Therefore, his filing time under §2255 is established under subsection (f)(1), and it expired one year after the date on which his judgment became final. Mr. Majors was sentenced on May 10, 2023, and the judgment was docketed on the same day. (ECF #68, 69). His appeal was complete, at the latest, upon the issuance of the Sixth Circuit's mandate on August 8, 2024. (ECF #82). When a conviction is affirmed on direct appeal, the one-year limitation period starts to run ninety days later, when the time for seeking a writ of certiorari with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522 (2003). That date would have been November 6, 2024. Because this action was filed on May 14, 2026, more than six months after the expiration of the one year statute of limitations in § 2255(f)(1), it is untimely.

Mr. Majors' sentence reduction under Amendment 821 does not re-set the clock for filing a timely motion under §2255. A sentence modification, such as one prompted by Amendment 821, or 18 U.S.C. §3582, does not have any impact on the finality of the original judgment, and does not re-set the one year period under which a §2255 motion may be filed. *See, e.g., United States v. Olvera*, 775 F.3d 726, 729. However, even if the sentence modification had triggered a new time period under the Anti Terrorism Act, the modification occurred on October 9, 2024. (ECF #84). Mr. Majors did not appeal that modification, and, therefore, his motion would have to have been filed within one year after the ten day period for appeal had expired. That would have made his motion due no later than October 19, 2025. Therefore, Mr. Majors's petition is time-barred and must be dismissed.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the

petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Government's motion to dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is GRANTED. (ECF #90). Mr. Majors's petition is, therefore, dismissed with prejudice. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATED: September 16, 2026